Case 1:17-cr-00738-LAK Document 166 Filed 01/13/21 Page 1 of 2

The Law Office of James M. Branden
80 Bay Street Landing, Suite 7J
New York, New York 10301
Tel. 212-286-0173
Fax 212-286-0495

**MEMO ENDORSED**

January 12, 2021

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re: United States v. Steven Decker
                    17 Cr. 738 (LAK)

Dear Judge Kaplan:

    I represent Mr. Decker in the above-referenced matter. Mr. Decker is incarcerated in the Camp at FCI Fort Dix.

    I submit this letter in support of Mr. Decker's renewed motion for compassionate release or a reduction in the term of imprisonment pursuant to 18 U.S.C. §3583(c)(1)(A). I incorporate by reference all the prior remarks made in support of the original motion (Docket Entries 157 and 160) and, as set forth below, contend that significant recent events support the instant renewal motion.[1]

    Conditions at FCI Fort Dix are worse than ever. FCI Fort Dix has more infected inmates and staff than any other BOP facility nationwide. 797 inmates and 26 staff members are presently infected (Mr. Decker is among the 533 inmates who have recovered). Further, the fact that Mr. Decker has had Covid-19 does not mean

---

[1] The government conceded that Mr. Decker had exhausted his administrative remedy before filing for compassionate release in the district court. The exhaustion requirement should not apply to the instant renewal application. Nonetheless, counsel is aware that Mr. Decker recently (his wife believes it was November 3, 2020) filed another application for release with the Warden at FCI Fort Dix based on current conditions at the facility and no response was forthcoming.

Memorandum Endorsement                                   United States v. Decker, 17-cr-0738 (LAK)

On June 17, 2020, the Court denied the defendant's motion for compassionate release. He now renews the motion, arguing that circumstances have changed.

First and foremost, he points to the Second Circuit's subsequent determination in *United States v Brooker,* 976 F.3d 228, 236 (2d Cir. 2020), that USSG § 1B 1.13 applies only to a motion made by the Bureau of Prisons. This, he claims is significant because the Court "did not find [defendant's] afflictions 'extraordinary and compelling' as measured by what it believed to be the relevant policy statement set forth at USSG 1Bl. 13 and its application notes." Dkt 165, at 2. While the Second Circuit did so hold in *Brooker,* the defendant is flatly wrong in say that the Court believed itself bound to apply Section 1B.13. What the Court actually did was to note the existence of a dispute as to whether Section 1B1.13 applied to compassionate relief motions filed with courts and to conclude that this Court was not required to resolve that dispute because "[d]efendant's application for compassionate release fail[ed] *regardless of whether the policy statement [was] controlling."* Dkt 161, at 2 (emphasis added). Thus, there is no merit whatever to defendant's first argument.

To be sure, conditions at FCI Fort Dix, where defendant has been held, and other prisons have been particularly onerous owing to the pandemic and that a number of judges of this Court, including the undersigned, have taken that into account in granting some compassionate release applications of inmates who perhaps have shared some characteristics with the defendant. It may well be true that prison conditions have worsened since June with respect to the pandemic – as they have throughout our nation.[1] But the facts remain that the defendant already has been infected with COVID-19, had an asymptomatic case, and has recovered from it. While there are some reported instances in which reinfections have occurred, there is nothing before me to indicate that that is a frequent occurrence. The general view would appear to be that defendant has at least some degree of immunity. And even if that were not so, defendant still has served only a small part of the sentence imposed for his fairly outrageous crime.

The Court has considered all of defendant's arguments and remains unpersuaded. The motion is denied.

SO ORDERED.

Dated:       January 12, 2021

_____
Lewis A. Kaplan
United States District Judge

---

[1] The Court notes that the June 17 positivity rate on COVID-19 tests in New York State was less than one percent. New York State, Governor Cuomo Announces Lowest Percentage of Positive COVID-19 Test Results Since Pandemic Began (June 17, 2020) (available at https://www.governor.ny.gov/news/governor-cuomo-announces-lowest-percentage-positive-covid-19-test-results-pandemic-began) (last visited Jan. 12, 2021). The positivity rate yesterday was 6.22 percent on January 10, 2021, an increase of over 600 percent. New York State, Governor Cuomo Updates New Yorkers on State's Progress During COVID-19 Pandemic (Jan. 10, 2021) ( a v a i l a b l e a t https://www.governor.ny.gov/news/governor-cuomo-updates-new-yorkers-states-progress-during-covid-19-pandemic-100 (last visited Jan. 12, 2021).